**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: HON. GARY S. KATZMANN**

----------------------------------------------------------------- X
ETEROS TECHNOLOGIES USA, INC.            :
                                         :
      **Plaintiff,**              :
                                         :
      *v.*                        :   No. 21-cv-00287
                                         :
UNITED STATES,                           :
                                         :
      **Defendant.**              :
----------------------------------------------------------------- X

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF TIME

Plaintiff, Eteros Technologies USA, Inc. ("Eteros"), respectfully opposes the motion of Defendant, United States, for an extension of time to respond to Plaintiff's Motion for Judgment on the Pleadings. Plaintiff submits that Defendant lacks good cause to seek the extension of time; and the Court should deny the Motion.

This action involves a major issue of importance to the industries servicing the cannabis markets in jurisdictions where marijuana has been made legal. The Government has used procedural defenses in an effort to delay judicial determination, resulting in massive uncertainty within those industries. Since well before this case was initiated on June 11, 2021, counsel for Plaintiff and Defendant have discussed the importance of avoiding any delays in this litigation. At the outset, Plaintiff had prepared, and was ready to file, a motion for an order to show cause why an expedited schedule pursuant to USCIT R. 3(g) should not be established. In conferring with Defendant's counsel about this anticipated motion, Plaintiff's counsel explained that U.S. Customs and Border Protection's ("CBP") interpretation of the "drug paraphernalia" authorization exemption, *see* 21 U.S.C. § 863(f)(1), is untenable and that the inconsistent enforcement and interpretation by CBP at the border imposes massive uncertainties and significant constraints on

lawful businesses, causing irreparable harm. Counsel further explained that an ordinary litigation schedule is problematic because it would unduly burden an industry that has continually been harassed by inconsistent and unlawful treatment of goods that CBP alleges are prohibited "drug paraphernalia" under 21 U.S.C. § 863(d), and not entitled to entry pursuant to § 863(a)(3). Given the agency's refusal to recognize 21 U.S.C. § 863(f)(1) and <u>States' laws legalizing cannabis paraphernalia</u>,[1] counsel explained that affected companies require a swift resolution of the § 863(f)(1) issue on the merits. Plaintiff held the show cause motion in abeyance when Defendant's counsel, promised that the Government would file its answer earlier than the deadline prescribed by the Rules of this Court. The Government delivered on its promise and filed an answer to Plaintiff's Complaint on July 16, 2021.

Again with knowledge of the urgency of this litigation, the parties conferred, and Plaintiff—to expedite the case and eliminate the need for formal discovery— agreed to stipulate that the excluded merchandise meets the 21 U.S.C. § 863(d) definition for "drug paraphernalia," and to proceed by Motion for Judgment on the Pleadings, so that the governing question of law could be presented to the Court for determination as quickly as possible. Plaintiff indicated that it anticipated that such dispositive motion would be filed in the early weeks of August. With expedition in mind, the parties then agreed on a schedule to govern litigation in this case, and

---

[1] Defendant's Motion misrepresents Plaintiff's position in this litigation, stating that "Eteros alleges that the merchandise may be entered into the customs territory of the United States <u>based on specific state laws decriminalizing the possession of certain drug paraphernalia</u>. *See* 21 U.S.C. § 863(f)(1)." Def.'s Br. at 1 (emphasis added). This significantly misrepresents Plaintiff's allegations in this case. The authorization exemption of § 863(f)(1) is triggered by <u>State legislation which **legalizes** cannabis and cannabis paraphernalia</u>, which serves to "authorize" the possession, distribution, and manufacture of cannabis paraphernalia under 21 U.S.C. § 863(f)(1). Decriminalization and legalization are two very different concepts. As addressed in our Motion for Judgment on the Pleadings, state laws clearly <u>legalize and tax marijuana</u>; and the articles used with cannabis that meet the 863(d) definition of "drug paraphernalia" have been <u>legalized</u> at the state level, not just decriminalized. Counsel would note that the term "decriminalize" (and related derivations, *e.g.,* "decriminalizing")) appears only once in Plaintiff's brief (*see* Pl.'s Br. at 17, n.13), whereas the term "legalize" (and related derivations (*e.g.,* "legalizing")) appears nearly two dozen times.

specifically to be bound by the Rules of this Court, which require a response to Plaintiff's dispositive motion within 35 days of filing.

With clearly stated, advance notice that Plaintiff would be filing a motion for judgment on the pleadings in August 2021, there is no reason why Defendant should now be asking this Court for additional time to respond to Plaintiff's Motion. As USCIT R. 7(d) provides Defendant with ample time—35 days—to file a response to a dispositive motion, and considering that Defendant has been on notice for many months that the merits issue of 21 U.S.C. § 863(f)(1) would soon need to be addressed in such motion, there is no "good cause" to grant this motion.

And to be clear, Defendant offers no "good cause" in its Motion for an Extension of Time. The only "good cause" Defendant cites is that the additional "time will permit the United States to further consult with the agency in order to fully respond to Eteros' motion and will allow time for the Government's responsive brief to be reviewed at the required levels within the Department of Justice." Def.'s Mot at 1-2.  Defendant has had ample time to devise its litigation strategy. Counsel for the parties herein also appeared in a virtually identical action. *Root Sciences Inc. v. United States,* CIT No. 21-00123,[2] which at its core, involves identical questions of law. The Government defended an earlier case raising the same legal issue. *See e.g., Keirton USA, Inc. v. U.S. Customs and Border Prot.,* Case No. 20-1734-RSM, 2020 WL 6887871 (W.D. Wash. Nov. 24, 2020); *Keirton USA, Inc. v. U.S. Customs and Border Prot.,* 2021 Dist. Lexis 73578 (W.D. Wa. Apr. 16, 2021); *see also e.g., Keirton USA, Inc. v. United States,* CIT No. 21-00452-CFK (pending action challenging denial of exclusion protest and raising 21 U.S.C. § 863(f)(1) issues). And for its part, CBP has asserted the agency's position on the § 863(f)(1) question in rulings published by CBP

---

[2] This action was dismissed for lack of jurisdiction this morning. *Root Sciences Inc. v. United States,* Slip Op. 21-136 (October 7, 2021).

Headquarters. *See e.g.,* Customs Headquarters Ruling H306125 of August 5, 2020. The agency is now refusing to issue rulings to other requestors while litigation on the § 863(f)(1) issue is pending, citing 19 C.F.R. § 177.7(b). *See e.g.,* Customs Headquarters Ruling H317349 of September 24, 2021.[3]

The Government has been actively seizing and excluding goods imported by this industry; it hardly appears that the Government needs extra time to determine what its position on the law is. Considering that litigants in this Court and others have complained that the Government is intentionally playing "judicial keep-away" whenever the 21 U.S.C. § 863(f)(1) question is raised in litigation, the Court should be reluctant to grant additional time except under the most exceptional of circumstances. Considering that the Defendant's Motion fails to even present good cause, the Court should deny the Motion and uphold the deadlines imposed by the Court's rules, of which the Defendant recently and explicitly agreed to be bound.

WHEREFORE, for the reasons set forth herein, Plaintiff submits that this Court should deny Defendant's motion for an extension of time, maintain the scheduling order of August 31, 2021 (ECF 13), and require Defendant to file a response to Plaintiff's Motion for Judgment on the Pleadings within the 35 days provided by USCIT R. 7(d) and according to the agreed upon Scheduling Order.

---

[3] In Customs Headquarters Ruling H317349 of September 24, 2021, CBP refused to issue a ruling on the 21 U.S.C. § 863(f)(1) question presented by US Equipment Distribution LLC, stating:
> This matter is currently the subject of litigation in *Eteros Technologies USA, Inc. v. United States*, CIT No. 21-00287. In accordance with the provisions of 19 C.F.R. § 177.7(b), this office is precluded from issuing such a ruling during the pendency of the litigation. Therefore, your inquiry will be administratively closed by this office. Upon the conclusion of litigation in *Eteros Technologies USA, Inc. v. United States*, CIT No. 21-00287, you may re-submit your ruling request if your question remains unresolved by that case.

                                        Respectfully submitted,

                                        NEVILLE PETERSON LLP

                                        /s/ Richard F. O'Neill
                                        Richard F. O'Neill
                                        701 Fifth Ave. Ste. 4200-2159
                                        Seattle, WA 98104
                                        (206) 905-4089
                                        roneill@npwny.com

                                        /s/ John M. Peterson
                                        John M. Peterson
                                        Patrick B. Klein
                                        One Exchange Plaza
                                        55 Broadway, Suite 2602
                                        New York, NY 10006
                                        (212) 635-2730
                                        jpeterson@npwny.com

Dated:  October 7, 2021