UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. GARY S. KATZMANN, JUDGE

| | |
|---|---|
| ETEROS TECHNOLOGIES USA, INC. | : |
| | : |
| Plaintiff, | : |
| | :    Court No. 21-00287 |
| v. | : |
| | : |
| UNITED STATES, | : |
| | : |
| Defendant. | : |
| | : |

## <u>ORDER</u>

Upon consideration of defendant's consent motion for a thirty-day stay of the enforcement of judgment entered September 21, 2022, it is hereby

**ORDERED** that defendant's motion is granted; and it is further

**ORDERED** that the effectuation of Slip Op. 22-111 and judgment (Dkt. Nos. 38, 39), is hereby stayed for thirty (30) days, to and including November 21, 2022.


_____
Judge Gary S. Katzmann

Dated: _____
New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. GARY S. KATZMANN, JUDGE

_____

| | |
|---|---|
| ETEROS TECHNOLOGIES USA, INC. | : |
| | : |
|                      Plaintiff, | : |
| | :      Court No. 21-00287 |
|         v. | : |
| | : |
| UNITED STATES, | : |
| | : |
|               Defendant. | : |

_____ :

## DEFEANDANT'S CONSENT MOTION FOR A THIRTY-DAY STAY OF ENFORCEMENT OF JUDGMENT

Pursuant to Rule 62 of the Rules of this Court, defendant, the United States, respectfully requests that the Court stay the enforcement of its judgment of September 21, 2022, for thirty (30) days, pending defendant's decision whether to appeal.  Dkt. No. 39.

Because of the apparent gap between the expiration of the thirty-day stay in U.S.C.I.T. Rule 62(a) and the sixty-day time to appeal under 28 U.S.C. § 2107, we respectfully request a stay of the enforcement of judgment coterminous with the time to file a notice of appeal.  The Rule 62(a) stay of enforcement is set to expire on October 21, 2022, and an additional thirty-day stay will extend that time to and including November 21, 2022.  A thirty-day stay of the enforcement of judgment would effectively preserve the *status quo* while the government decides whether to take an appeal.  The Solicitor General alone is authorized to determine whether, and on what terms, the United States may appeal an adverse judgment.  28 C.F.R. § 0.20(b).  Where, as is the case here, the Solicitor General has not yet reached a decision on whether to appeal, it is necessary to preserve the possibility of a timely appeal.

"The power to stay a judgment pending appeal is part of a court's 'traditional equipment for the administration of justice.'"  *Nken v. Holder*, 556 U.S. 418, 427 (2009) (quoting *Scripps-Howard Radio, Inc. v. FCC*, 316 U.S. 4, 9-10 (1942)).  Here, release of the merchandise pursuant to the Court's judgment would moot the case and, by consequence, deny the government the possibility of appeal.  Absent the Court's intervention to preserve the *status quo* pending a decision of whether to appeal, defendant faces the risk of being unable to appeal.  The merchandise at issue is not perishable, and plaintiff does not claim to be prejudiced by an additional thirty-day stay of enforcement of judgment.

On October 19, 2022, Richard O'Neill, Esq. of the law firm Neville Peterson LLP, counsel for Eteros Technologies USA, represented that on behalf of his client, he consents to the relief requested by this motion.

For these reasons, we respectfully request that the Court stay enforcement of its judgment for thirty days, to and including November 21, 2022.

*Eteros Technologies USA, Inc. v. United States*, Court No. 21-00287
Defeandant's Consent Motion For A Thirty-Day Stay Of Enforcement Of Judgment (cont.)

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney In Charge
International Trade Field Office

/s/ Aimee Lee
AIMEE LEE
Assistant Director

/s/ Guy Eddon
GUY EDDON
Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
(212) 264-9232 or 9230
*Attorneys for Defendant*

Dated:  October 19, 2022